IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

|  |  |  |
|---|---|---|
| DEBRA L. BARRIERO, | : | |
| Plaintiff, | : | Civil No. 13-1501 (RBK/AMD) |
| v. | : | **OPINION** |
| NJ BAC HEALTH FUND, | : | |
| Defendant. | : | |

**KUGLER**, United States District Judge:

In this case, Plaintiff Debra L. Barriero ("Barriero") seeks benefits under section 502(a)(1)(B) of the Employee Retirement Income Security Act of 1974 ("ERISA" or the "Act") from Defendant New Jersey BAC Health Fund (the "Fund"). Currently before the Court is the Fund's motion for summary judgment on statute of limitations grounds. (Doc. No. 9.) For the reasons stated herein, the Court will GRANT the Fund's motion.

I.  **FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

The Fund is an employee welfare benefit plan within the meaning of section 3(1)[1] of ERISA, and is administered by a board of trustees. (Def.'s SOMF ¶ 1-2.[2]) The sole purpose of

---

[1] "The terms 'employee welfare benefit plan' and 'welfare plan' mean any plan, fund, or program which was heretofore or is hereafter established or maintained by an employer or by an employee organization, or by both, to the extent that such plan, fund, or program was established or is maintained for the purpose of providing for its participants or their beneficiaries, through the purchase of insurance or otherwise, (A) medical, surgical, or hospital care or benefits, or benefits in the event of sickness, accident, disability, death or unemployment, or vacation benefits, apprenticeship or other training programs, or day care centers, scholarship funds, or prepaid legal services, or (B) any benefit described in section 186 (c) of this title (other than pensions on retirement or death, and insurance to provide such pensions)." 29 U.S.C. § 1002(l).

[2] Local Civil Rule 56.1 provides that "[o]n motions for summary judgment, the movant shall furnish a statement which sets forth material facts as to which there does not exist a genuine issue," and "[t]he opponent of summary

the Fund is "to provide medical, health and welfare, death and disability benefits and other benefits for employees of participating employers, and for their beneficiaries." (Id. ¶ 5.) The Fund operates according to a plan of benefits adopted by the board of Trustees. (Id.) This plan of benefits was set forth in the "Summary of Plan Description for New Jersey B.A.C. Health Fund Effective January 1, 2008" (the "SPD"), (id. ¶ 6), and mailed to all of the Fund's participants in 2008, (id. ¶ 7). The SPD provides, inter alia, that a participant's "eligible dependents" include the participant's spouse. (Id. ¶ 10.) The SPD also contains a section entitled "Limitation on When a Lawsuit May be Started," which provides that "[n]o lawsuit may be started more than 3 years after the end of the year in which medical or dental services were provided . . . ." (Id. ¶ 18.) According to the SPD, each year begins January 1 and ends December 31. (Id. ¶ 19.)

Throughout 2008 and 2009, Anthony Barriero, Jr. was a participant in the Fund. (Id. ¶ 8.) Plaintiff Barriero, Anthony Barriero's wife, received benefits from the fund as an eligible dependent. (Id. ¶ 9.) On March 26, 2009, and April 20, 2009, Barriero underwent surgery. (Id. ¶ 11.) Barriero's surgeons submitted invoices to Horizon Blue Cross Blue Shield of New Jersey ("Horizon"), which performed claims processing services for the Fund. (Id. ¶¶ 13-14.)

From May through July 2009, the Fund, through Horizon, paid a total of $38,003.50 to Barriero's surgeons. (Id. ¶ 15.) On February 22, 2011, Barriero's counsel filed an appeal with Horizon disputing the amounts of these payments. (Id. ¶ 16.) Horizon responded to Barriero's

---

judgment shall furnish, with its opposition papers, a responsive statement of material facts, addressing each paragraph of the movant's statement, indicating agreement or disagreement." "[A]ny material fact not disputed shall be deemed undisputed for purposes of the summary judgment motion." Id. Where facts submitted by the party moving for summary judgment remain uncontested, those facts will be deemed to be admitted. Hill v. Algor, 85 F. Supp. 2d 391, 408 n.26 (D.N.J. 2000). Accordingly, because Barriero did not respond to the Fund's Local Rule 56.1 Statement of Undisputed Material Facts, the facts set forth in that statement are deemed admitted.

2

appeal by letter dated April 1, 2011, stating that the payment amounts were correct and no further payments were due. (Id. ¶ 17.)

On January 28, 2013, Barriero filed suit in the Superior Court of New Jersey, Burlington County alleging that pursuant to section 502(a)(1)(B) of ERISA, 29 U.S.C. § 1132(a)(1)(B), she is entitled to recover additional benefits for the surgical services performed in March and April 2009. (Id. ¶¶ 20-21.)

On March 12, 2013, the Fund removed this action pursuant to 28 U.S.C. §§ 1441 and 1446, invoking this Court's jurisdiction under 29 U.S.C. § 1132(e). (Doc. No. 1.) After answering Barriero's Complaint on March 12, 2013, (Doc. No. 2), and engaging in discovery, the Fund filed its motion for summary judgment on May 29, 2013, (Doc. No. 9). As this motion has been fully briefed, the Court now turns to the parties' arguments.

## II. LEGAL STANDARD

Summary judgment is appropriate where the Court is satisfied that "there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); see Celotex Corp. v. Catrett, 477 U.S. 317, 330 (1986). A genuine dispute of material fact exists only if the evidence is such that a reasonable jury could find for the non-moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). When the Court weighs the evidence presented by the parties, "[t]he evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." Id. at 255.

The burden of establishing the nonexistence of a "genuine issue" is on the party moving for summary judgment. Aman v. Cort Furniture Rental Corp., 85 F.3d 1074, 1080 (3d Cir. 1996). The moving party may satisfy its burden either by "produc[ing] evidence showing the absence of a genuine issue of material fact" or by 'showing' – that is, pointing out to the district

court – that there is an absence of evidence to support the nonmoving party's case." Celotex, 477 U.S. at 325.

If the party seeking summary judgment makes this showing, it is left to the nonmoving party to "do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). Rather, to survive summary judgment, the nonmoving party must "make a showing sufficient to establish the existence of [every] element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex, 477 U.S. at 322. Furthermore, "[w]hen opposing summary judgment, the nonmovant may not rest upon mere allegations, but rather must 'identify those facts of record which would contradict the facts identified by the movant.'" Corliss v. Varner, 247 F. App'x. 353, 354 (3d Cir. 2007) (quoting Port Auth. of N.Y. and N.J. v. Affiliated FM Ins. Co., 311 F.3d 226, 233 (3d Cir. 2002)).

In deciding the merits of a party's motion for summary judgment, the Court's role is not to evaluate the evidence and decide the truth of the matter, but to determine whether there is a genuine issue for trial. Anderson, 477 U.S. at 249. Credibility determinations are the province of the fact finder, not the district court. BMW, Inc. v. BMW of N. Am., Inc., 974 F.2d 1358, 1363 (3d Cir. 1992).

### III. DISCUSSION

#### A. Statute of Limitations

Prior to filing a suit under section 502(a)(1)(B), "ERISA and its regulations require plans to provide certain presuit procedures for reviewing claims after participants submit proof of loss (internal review). The courts of appeals have uniformly required that participants exhaust internal review before bringing a claim for judicial review under § 502(a)(1)(B). A participant's

cause of action under ERISA accordingly does not accrue until the plan issues a first denial." Heimeshoff v. Hartford Life & Accident Ins. Co., 571 U.S. __, __, 134 S. Ct. 604, 610 (2013) (internal citations omitted).

Because section 502(a)(1)(B) of ERISA does not contain a statute of limitations, however, once a participant's cause of action accrues, "courts are obliged to apply the most analogous state" limitations period to a participant's claim. Vernau v. Vic's Mkt., Inc., 896 F.2d 43, 45 (3d Cir. 1990). The "statutory limitation most applicable to a claim for benefits under Section [502](a)(1)(B) is a breach of contract claim." Hahnemann Univ. Hosp. v. All Shore, Inc., 514 F.3d 300, 305-06 (3d Cir. 2008). Thus, the Court borrows New Jersey's limitations period for "recovery upon a contractual claim or liability," which is six years. See N.J. Stat. Ann. § 2A:14–1.

Irrespective of the Court's ordinary practice of applying the most analogous state limitations period to a section 502(a)(1)(B) claim, however, parties may contractually agree to a different limitations period that may be shorter or longer than the applicable state provision. Heimeshoff, 134 S. Ct. at 611. Consequently, the Fund's sole argument in support of its motion is that Barriero's claim is barred by the limitations provision set forth in the SPD. (Def.'s Br. 3-5.)

The SPD provides that the deadline for Barriero to file suit was "3 years after the end of the year in which medical . . . services were provided." Here, the medical services at issue were provided to Barriero in 2009. As the SPD provides that each year begins January 1 and ends December 31, the year in which medical services provided to Barriero ended on December 31, 2009. Accordingly, applying the three-year limitations period set forth in the SPD, Barriero needed to have filed suit by December 31, 2012. Because, the Fund argues, Barriero did not file

5

suit until January 28, 2013, her claim is time barred and the Fund is entitled to summary judgment dismissing this action.

Barriero counters that the Fund's application of the contractual limitation period shows no regard for the Fund's mandatory internal appeal process, and would thus preclude Barriero from filing suit in federal court before she exhausted all internal appeals. (Pl.'s Opp'n 7.) Barriero sets forth the timeline corresponding to this appeals process and concludes that because the exhaustion of all internal appeals occurred on April 1, 2011, that her complaint would not have needed to be filed until on or before April 1, 2014. (Id. 8.)

In support of her argument, Barriero relies on a Fourth Circuit decision, which held that "[a]n ERISA cause of action does not accrue until a claim of benefits has been made and formally denied," i.e., the statute of limitations does not start to run on a civil claim while a plan is still considering internal appeals. See White v. Sun Life Assurance Co. of Canada, 488 F.3d 240 (4th Cir. 2007). In relying on this language, Barriero contends that to agree with the Fund's position in this case would be inherently fair because the statute of limitations would begin to run prior to the time when Barriero could seek judicial review. (Pl.'s Opp'n 6.) Barriero's argument, however, is contrary to recent Supreme Court precedent.

On December 16, 2013, the Supreme Court issued Heimeshoff v. Hartford Life & Accident Insurance Co., 571 U.S. __, 134 S. Ct. 604 (2013), resolving a split among the circuits as to the enforceability of the type of contractual limitations provision at issue here. Heimeshoff explicitly holds that "[a]bsent a controlling statute to the contrary, a participant and a plan may agree by contract to a particular limitations period, even one that starts to run before the cause of action accrues, as long as the period is reasonable." 134 S. Ct. at 610.

In Heimeshoff, petitioner argued that the three-year limitations period in her contract, which specified that the period would begin to run at the time proof of loss was due, ran "afoul of the general rule that statues of limitations commence upon accrual of the cause of action" because proof of loss would be due before a participant could ever exhaust the internal review procedures of her plan.  Id.  The Supreme Court rejected petitioner's argument relying on the framework set forth in Order of United Commercial Travelers of America v. Wolfe, 331 U.S. 586, 608 (1947) ("[I]n the absence of a controlling statute to the contrary, a provision in a contract may validly limit, between the parties, the time for bringing an action on such contract to a period less than that prescribed in the general statute of limitations, provided that the shorter period itself shall be a reasonable period.").  The Supreme Court opined that "[t]he Wolfe rule necessarily allows parties to agree not only to the length of a limitations period but also to its commencement," and that "[t]he principle that contractual limitations provision ordinarily should be enforced as written is especially appropriate when enforcing an ERISA plan."  Id. at 611-612.  The Supreme Court thus instructed that effect must be given to a plan's limitations provision unless a determination is made that the period is "unreasonably short, or that a 'controlling statute' prevents the limitations period from taking effect."  Id. at 612.

Here, the parties agreed to a three-year limitations period.  Barriero does not argue that this period is unreasonable on its face, but simply that it should not have started to run until after she exhausted her internal appeals.  (Pl.'s Opp'n 8.)

The Fund notes that there is "nothing unreasonable about dismissing [Barriero's] claim for failure to adhere to the December 31, 2012 deadline" when she could have filed suit at any time between April 1, 2011, and December 31, 2012.  (Def.'s Reply 3.)  The Court agrees.[3]

---

[3] Neither party raises whether a controlling statute prevents the limitations period from taking effect; thus, the Court will not wade into that analysis.

Under the terms of the SPD, Barriero could have filed suit at any time from April 1, 2011, to December 31, 2012. The Court sees no reason why this nine-month period of time did not provide Barriero with ample opportunity to seek judicial review and vindicate her rights under ERISA. See id. at 613 ("In the absence of any evidence that there are similar obstacles to bringing a timely § 502(a)(1)(B) claim, we conclude that the Plan's limitations provision is reasonable.").

Because there is no genuine dispute as to any material fact, and Barriero's claim is barred by the statute of limitations, the Fund is entitled to judgment as a matter of law.

## IV. CONCLUSION

For the reasons stated above, the Court will GRANT the Fund's motion for summary judgment. An appropriate order shall issue today.


Dated: 12/27/2013                                    /s/ Robert B. Kugler
                                                                                    ROBERT B. KUGLER
                                                                                    United States District Judge